IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| REGINALD EDWARDS | § | |
|     TDCJ-CID #902341 | § | |
| v. | § | C.A. NO. C-08-371 |
| | § | |
| OSCAR MENDOZA, ET AL. | § | |

## ORDER DISMISSING CERTAIN CLAIMS AND RETAINING CASE

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 10 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee, or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's *pro se* complaint must be read indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Applying these standards, plaintiff's Eighth Amendment claims alleging failure to protect against Officer Trevino and Officer Espinoza are retained for the reasons stated herein, and service will be ordered on those defendants. Plaintiff's claims against the defendant wardens are dismissed.

### I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.  Upon consent of the plaintiff, (D.E. 9), this case was referred to a magistrate judge to conduct all further proceedings, including entry of final judgment. (D.E. 10). See 28 U.S.C. § 636(c).

### II. BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS

Plaintiff is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently incarcerated at the McConnell Unit in Beeville, Texas.  He filed this lawsuit on November 19, 2008, and named the following McConnell Unit officers or officials as defendants: (1) Warden Oscar Mendoza; (2) Assistant Warden Norris Jackson; (3) Assistant Warden Richard Crites; (4) Officer Ony Trevino; and (5) Officer Espinoza.  (D.E. 1). A Spears[1] hearing was conducted on December 4, 2008.  The following allegations were made in plaintiff's original complaint, or at the hearing.

On November 1, 2006, plaintiff was assaulted by a gang member named "G."  G came into plaintiff's living space, claiming that he owed him money, and then attacked him, breaking his right ankle.[2]  (D.E. 1 at 4).  Officer Espinoza was working the picket that day.  From her position in the control picket, she was able to observe, and did observe, plaintiff being assaulted by G, but she neither called for help nor came to plaintiff's assistance.

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

[2] Plaintiff attached copies of grievances in which he complained about not receiving physical therapy.  However, at the evidentiary hearing, plaintiff testified that he is not pursing any claim concerning his medical care against any of the named defendants.

Officer Trevino was working as rover in D space at the time of the assault.  He was approximately twenty-five feet away from plaintiff during the assault by G.  Officer Trevino watched G attack plaintiff, but did nothing to help him.

Following the attack, plaintiff was placed in the protective custody detention area.  The following day, plaintiff submitted a life in danger ("LID") claim requesting to be transferred off the McConnell Unit because he believed he was targeted for another attack.

In December 2006, plaintiff spoke to Warden Jackson about a transfer.  Warden Jackson indicated that he had recommended the transfer, but that the State Unit Classification Committee ("UCC") in Huntsville denied it.  Approximately two weeks later, plaintiff filed a second LID claim and spoke to Warden Crites.  Warden Crites gave the same answer as Warden Jackson, that the State UCC had denied his transfer request.

Ten to twelve days later, plaintiff went before a three-panel UCC at the McConnell Unit.  Warden Mendoza, Ms. Moore the law librarian, and an unidentified classification representative were on the committee.  Plaintiff explained to the UCC members that he was at risk on the McConnell Unit as evidenced by the November 2006 assault; however, his transfer request was denied.

Plaintiff has not been assaulted since the November 2006 attack.  Through this lawsuit, plaintiff seeks an immediate transfer off the McConnell Unit, as well as compensatory damages for his broken ankle and mental suffering.

### III.  DISCUSSION

**A.        Legal Standard For A Civil Rights Action Pursuant To 42 U.S.C. § 1983.**

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted.  42 U.S.C. § 1997e(c)(2).  It is well established that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted).  The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed.  Id. (citation omitted).

**B.        Plaintiff's Claim That Defendants Failed To Protect Him.**

Prison officials have a duty to protect prisoners from violence at the hand of other prisoners.  Cantu v. Jones, 293 F.3d 839, 844 (5th Cir. 2002) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)).  A prison official is deliberately indifferent to the inmate's safety if the official knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.  Id. (citing Farmer, 511 U.S. at 847).  Deliberate indifference describes a state of mind "more blameworthy than negligence;" there must be "more than ordinary lack of due care for the prisoner's interests or safety."  Farmer, 511 U.S. at 835.

Plaintiff claims that Officer Espinoza, as the control picket officer, and Officer Trevino, as rover, both observed G attack him, yet they both failed to intervene while the assault was taking place, in deliberate indifference to his health and safety.

The Fifth Circuit has explained that "no rule of constitutional law requires *unarmed* officials to endanger their own safety in order to protect a prison inmate threatened with physical violence." Longoria v. Texas, 473 F.3d 586, 594 (5th Cir. 2006) (emphasis added).  However, a prison guard has a duty to intervene and attempt to end an assault on an inmate.  See Hale v. Townley, 45 F.3d 914, 919 (5th Cir. 1995) (citations omitted).  Known as "bystander liability," an officer may be liable pursuant to § 1983 if he (1) knows that an inmate is being assaulted; (2) has a reasonable opportunity to prevent harm; and (3) chooses not to act.  See, e.g., id.; Randall v. Prince George's Cty., Md., 302 F.3d 188, 203-04 (4th Cir. 2002); Skrtich v. Thornton, 280 F.3d 1295, 1301 (11th Cir. 2002).

In this case, plaintiff claims that Officer Espinoza and Officer Trevino both witnessed his being attacked, but failed to intervene, call for back-up, or otherwise assist him.  These facts, if true, support a claim of failure to protect under the Eighth Amendment.  Thus, plaintiffs allegations as to Officer Espinoza and Officer Trevino survive § 1915A screening, these claims are retained, and service shall be ordered on these two defendants.

Plaintiff argues that the wardens were deliberately indifferent to his health and safety because, after he was attacked, they denied his LID claims and refused to transfer him. However, plaintiff admitted that both Warden Jackson and Warden Crites recommended that he be transferred, and that it was the State UCC that denied his request.  Plaintiff offers no facts to suggest that either Warden Jackson or Warden Crites ignored a serious risk to his safety.

5

Plaintiff claims that Warden Mendoza was also deliberately indifferent to his safety because he presided over a second LID claim hearing and then denied his transfer request. However, although plaintiff did not receive the transfer he was seeking, he fails to offer any facts to suggest that Warden Mendoza was deliberately indifferent in rendering his decision to deny a transfer. Plaintiff does not claim that Warden Mendoza failed to listen to him, or to consider the facts of his case. Moreover, plaintiff testified that, prior to November 1, 2006, he had no history of conflict with G or other gang inmates. He is not a member of a rival gang nor ex-gang member. Other than being an older inmate, he has no special physical characteristics that would make him more prone to attack by other inmates. Indeed, since the November 2006 attack, plaintiff has not been assaulted again.

Plaintiff testified that he believed G attacked him because he owed him money. Based on the facts before Warden Mendoza at the time of the hearing, it was reasonable for him to conclude that the attack was prompted by events between plaintiff and G, and that no continuing threat to plaintiff's safety was present. Plaintiff does not claim to be living in fear at the present time. He is not in special housing. There are no facts to suggest that Warden Mendoza knew of a serious threat to plaintiff's health and safety, and then ignored that risk. Thus, plaintiff's claims against Warden Mendoza are dismissed.

## IV.  CONCLUSION

For the reasons stated herein, plaintiff's failure to protect claims against Officer Espinoza and Officer Trevino are retained, and service will be ordered on those two defendants. Plaintiff's claims against Warden Mendoza, Warden Jackson, and Warden Crites are dismissed with prejudice for failure to state a claim.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).

ORDERED this 16th day of December 2008.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE