IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| REGINALD EDWARDS | § | |
|     TDCJ-CID #902341 | § | |
| v. | § | C.A. NO. C-08-371 |
| | § | |
| OSCAR MENDOZA, ET AL. | § | |

## OPINION GRANTING LEAVE FOR DEPOSITION OF INMATES

This is a civil rights action brought by a state inmate pursuant to 42 U.S.C. § 1983. Pending is plaintiff's emergency motion for entry of counsel into McConnell Unit. (D.E. 61). Specifically, plaintiff seeks to have attorney Norm Thomas be allowed access to plaintiff at the McConnell Unit. Defendants filed a response opposing this motion. (D.E. 62). Pending also is plaintiff's unopposed motion for issuance of bench warrants. (D.E. 65). Specifically, the parties sought to have three inmates as well as plaintiff transferred to the federal courthouse in Corpus Christi so that depositions could be conducted.

### BACKGROUND

On September 28, 2009, plaintiff filed a motion requesting the appointment of counsel, which was originally denied. (D.E. 34, 35). Once it was determined that plaintiff's claims against defendants Stephanie Espinoza and Ony Trevino would proceed to trial, the issue of appointed counsel was revisited. Attorney Robert Hilliard was appointed to represent plaintiff. (D.E. 41).

On July 19, 2010, a telephonic hearing was held regarding plaintiff's motion seeking entry of counsel. Attorney Norm Thomas, a practicing attorney for thirty years, previously has worked with Mr. Hilliard and agreed to assist him in representing plaintiff.

For the past nine years, Mr. Thomas has worked as a volunteer chaplain at the McConnell Unit.  In May 2010, he was contacted by individuals purporting to be from a church wishing to donate computer equipment to the McConnell Unit.  A box with computer hard drives were shipped to Mr. Thomas at the McConnell Unit.  He took the box to Assistant Warden Crites asking how he should proceed with the donation.

On June 1, 2010, prison officials learned that the computer hard drives were shells that contained eighteen cellular telephones and some narcotics.  On June 2, 2010, the Regional Chaplain informed Mr. Thomas that he cannot serve at the McConnell Unit during the investigation by the Office of the Inspector General.

On July 1, 2010, Mr. Thomas was to meet with plaintiff at the McConnell Unit.  Warden Crites told him that he could not enter the McConnell Unit while the investigation was pending.  Subsequent to this denial of access, Mr. Thomas met with Lieutenant Susan Poole of the Office of the Inspector General as well as Special Agent Dale McNeal of Immigration and Customs Enforcement.  He took a polygraph, which he claims he passed.

Senior Warden Guterrez testified that he made the decision to bar Mr. Thomas from the McConnell Unit based on security concerns.  He indicated that he did not have any problem with any other attorneys meeting with plaintiff, but that he would not allow Mr. Thomas to enter during the investigation.  He estimated that the investigation would last between three and four months.

Prior to the conclusion of the July 19 hearing, the parties indicated that they thought they may be able to find a solution other than Mr. Thomas visiting the McConnell Unit.  The result was the pending motion regarding the bench warrants.  (D.E. 65).  On July 23, 2010, a telephonic

hearing was held regarding this second motion. The parties indicated that they had reached another solution whereby plaintiff would be transferred to the Connally Unit in Kenedy, Texas. Moreover, the three inmates who are to be deposed will be transferred to the Connally Unit for their depositions.

## DISCUSSION

As an initial matter, plaintiff has seemingly abandoned his motion for an order compelling McConnell Unit officials to allow Mr. Thomas to enter the prison.[1] Consequently, plaintiff's emergency motion for entry of counsel into McConnell Unit, (D.E. 61), is DENIED as moot. Similarly, the parties have decided that they no longer want to request leave to have depositions in the federal courthouse. Again, plaintiff's unopposed motion for issuance of bench warrants, (D.E. 65), is DENIED as moot.

The only remaining issue is plaintiff's intention to depose inmates Rayfield Whitemon, Michael Troy Gardner, and Bobby Jones. The Federal Rules of Civil Procedure require that to take the deposition of an inmate, "[a] party must obtain leave of court ... if the deponent is confined in prison." Fed. R. Civ. P. 30(a)(2)(B); see also Whitehurst v. United States, 231 F.R.D. 500, 501 (S.D. Tex. 2005) (addressing leave necessary for Rule 31 for a deposition by

---

[1] As discussed during the July 19 hearing, no constitutional right to appointment of counsel exists in civil rights cases. See Baranowski v. Hart, 486 F.3d 112, 126 (5th Cir. 2007); Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994) (per curiam). Mr. Hilliard, as opposed to Mr. Thomas, was appointed to represent plaintiff.

Moreover, "[p]rison officials should be accorded the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order." Wilkerson v. Stalder, 329 F.3d 431, 436 (5th Cir. 2003) (citation omitted). Federal courts "are not to micromanage state prisons." Gates v. Cook, 376 F.3d 323, 338 (5th Cir. 2004) (citing Bell v. Wolfish, 441 U.S. 520, 562 (1979)). Indeed, "'courts are ill-equipped to deal with the increasingly urgent problems of prison administration ...,' ... and that it is not 'wise ... to second-guess the expert (or any other) administrators on matters on which they are better informed.'" Jones v. Diamond, 636 F.2d 1364, 1368 (5th Cir. 1981) (citations omitted). This reasoning would seemingly apply to any ongoing investigation.

written questions of an inmate).  Consequently, plaintiff's motion for bench warrants will be construed as a motion for leave to depose the three inmates.

## CONCLUSION

Accordingly, plaintiff's emergency motion for entry of counsel into McConnell Unit, (D.E. 61), and plaintiff's unopposed motion for issuance of bench warrants, (D.E. 65), are DENIED as moot.  Moreover, plaintiff is granted leave to depose inmates Rayfield Whitemon, Michael Troy Gardner, and Bobby Jones.

ORDERED this 23rd day of July 2010.

```
                              _____
                              BRIAN  L. OWSLEY
                              UNITED STATES MAGISTRATE JUDGE
```