IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| REGINALD EDWARDS | § | |
|     TDCJ-CID #902341 | § | |
| v. | § | C.A. NO. C-08-371 |
| | § | |
| OSCAR MENDOZA, ET AL. | § | |

## OPINION REGARDING MOTIONS IN LIMINE

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendants failed to protect him from an attack by a fellow inmate. (D.E. 1). Pending are defendants' motions in limine. (D.E. 79). Defendants seek a ruling on seven different matters in advance of trial. Plaintiff has not responded to this motion.[1] For the reasons given below, the motion is GRANTED in part and DENIED in part.

## I. LEGAL STANDARDS FOR MOTIONS IN LIMINE

The Fifth Circuit has observed that "[m]otions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." Collins v. Wayne Corp., 621 F.2d 777, 784 (5th Cir. 1980). Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds. Hawthorne Partners v. AT&T Tech., Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (citing Luce v. United States, 469 U.S. 38, 41 n.4 (1984)). Evidentiary rulings, especially those addressing broad classes of evidence, should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in the proper context. Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975); see also Starling v. Union Pac. R.R. Co., 203 F.R.D. 468, 482 (D.

---

[1] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.

Kan. 2001) ("it is the better practice to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there.") (citations omitted). "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." Hawthorne Partners, 813 F. Supp. at 1401.

## II.  RULINGS ON DEFENDANTS' MOTIONS IN LIMINE

Defendants request the Court to order the plaintiff to seek permission before making:

**1.  Any reference to any actions of the Defendants, other than those relating to the incident that forms the basis of Plaintiff's complaint. Fed. R. Evid. 401-404.**

The Federal Rules of Evidence govern the admissibility of evidence generally. See Fed. R. Evid. 401-04. Rule 404(b) prohibits admitting evidence of prior acts to prove defendants' character, "in order to show action in conformity therewith." Fed. R. Evid. 404(b). However, evidence of other acts may be used for certain purposes, e.g., proving intent, motive, plan, or lack of mistake. Fed. R. Evid. 404(b); see also Lamar v. Steele, 693 F.2d 559, 561 (5th Cir. 1983). These rules cannot be applied except in the context of specific evidence. The admissibility of such evidence will therefore depend on the context and purpose of its introduction.

Defendants' request is overly broad, and devoid of any specific context. Accordingly, defendants' motion in limine is DENIED without prejudice to their raising objections at trial.

**2.  Any reference to any Texas Department of Criminal Justice ("TDCJ") disciplinary infractions by or disciplinary action against any Defendant or TDCJ employee if this information is not first shown to be relevant and admissible. Fed. R. Evid. 401-404.**

The Federal Rules of Evidence govern the admissibility of evidence generally. See Fed.

R. Evid. 401-04.  Rule 404(b) prohibits admitting evidence of prior acts to prove defendants' character, "in order to show action in conformity therewith."  Fed. R. Evid. 404(b).  However, evidence of prior acts may be used for certain purposes, e.g., proving intent, motive, plan, or lack of mistake.  Fed. R. Evid. 404(b); see also Lamar, 693 F.2d at 561. These rules cannot be applied except in the context of specific evidence.

Defendants' request is overly broad, and devoid of any specific context.  Accordingly, defendant's motion in limine is DENIED without prejudice.

3.  **Any reference to any prison condition or incidents that are not directly related to the incidents forming the basis of this lawsuit.  Fed. R. Evid. 401-403.**

The Federal Rules of Evidence govern the admissibility of evidence generally.  See Fed. R. Evid. 401-04.  These rules cannot be applied except in the context of specific evidence. Defendant's request is overly broad, and devoid of any specific context.  Accordingly, defendant's motion in limine is DENIED without prejudice.

4.  **Any statement that mentions or divulges, directly or indirectly, the fact that Defendants may be covered by some type of indemnification or are otherwise insured with respect to the occurrence in question.  Fed. R. Evid. 402-403; Fed. R. Evid. 411.**

Rule 411 makes evidence of liability insurance inadmissible to prove that "the person acted negligently or otherwise wrongfully."  Fed. R. Evid. 411; accord Reed v. Gen. Motors Corp., 773 F.2d 660, 663 (5th Cir. 1985).  However, evidence of insurance is admissible when offered for other purposes, such as to prove control or bias.  Fed. R. Evid. 411.  The admissibility of such evidence will depend on the context and purpose of its introduction.  Furthermore, Rule 411 applies only to liability insurance, not all types of indemnification.  See DSC Commc'ns Corp. v. Next Level Commc'ns, 929 F. Supp. 239, 242 (E.D. Tex. 1996).

Defendants' request is overly broad and devoid of any specific context.  Accordingly, defendants' motion in limine is DENIED without prejudice.

5. **Any reference to video, photographs, or documents that are not available or any reference to Defendants' inability to produce requested discovery materials.  Any reference to the unavailability of documents, video, photographs, or witnesses.  Fed. R. Evid. 402-403.**

Federal law allows a negative inference instruction when evidence is suppressed, or withheld in bad faith.  King v. Ill. Cent. R.R., 337 F.3d 550, 556 (5th Cir. 2003) (citation omitted); Caparotta v. Entergy Corp., 168 F.3d 754, 756 (5th Cir. 1999).  If the plaintiff can show that defendants have withheld evidence in bad faith, a presumption that the evidence was unfavorable may arise.  However, defendants' inability to produce documents, if made known to the jury, may unfairly prejudice their case.  Therefore, plaintiff shall not suggest that defendants have withheld any evidence without first establishing bad faith out of the jury's presence. Accordingly, defendants' motion in limine is GRANTED.

6. **Any comment on or interpretation by Plaintiff or his lay witnesses of a Plaintiff's medical records or his medical condition at a particular time other than Plaintiff's own present sense personal physical perception of an event or condition.  Plaintiff lacks the foundation, education, and medical training required to interpret or comment upon medical records, explain medical terminology, or to explain any medical condition to a jury.  Such testimony is speculative and constitutes improper opinion.  Fed. R. Evid. 601, 602, 701, 702.**

The Federal Rules of Evidence require that opinion testimony by a lay witness be rationally based on the witness's perception and not based on scientific, technical or other specialized knowledge.  Fed. R. Evid. 701; see also United States v. Riddle, 103 F.3d 423, 428 (5th Cir. 1997).  Rule 702 allows expert testimony only when a witness is qualified as an expert by knowledge, skill, experience, training, or education.  Fed. R. Evid. 702.

However, defendants' request is overly broad insofar as it suggests that "[a]ny comment

... by Plaintiff or his lay witnesses [on] Plaintiff's medical records or his medical condition ... other than [his] present sense physical perception" would be "speculative" and represent "improper opinion." Rule 701 requires of a lay opinion only that it "be based on personal perception ..., be one that a normal person would form from those perceptions, and ... be helpful to the jury." Riddle, 103 F.3d at 428 (internal quotation marks and citation omitted).  Moreover, "[t]he distinction between lay and expert testimony is that lay testimony results from a process of reasoning familiar in everyday life, whereas expert testimony results from a process of reasoning that can only be mastered by specialists in the field." United States v. York, 600 F.3d 347, 360-61 (5th Cir.) (citation omitted), cert. denied, __ U.S. __, 2010 WL 2398683 (Oct. 4, 2010).  Lay commentary on an individual's medical condition can, under certain circumstances, meet these standards.  Indeed, it is certainly conceivable that a witness might have relevant opinions regarding injuries which he derived "from a process of reasoning familiar in everyday life." Id. at 360.  Objections to potential commentary on specific issues can be addressed at trial.

Accordingly, defendants' motion in limine is GRANTED to the extent that it seeks to exclude plaintiff and other lay witnesses from offering expert medical testimony, and DENIED without prejudice in all other respects.

**7.     Any reference to the filing of this motion, its contents, or the ruling of the Court on any item contained within it.**

The fact that evidence has been excluded cannot be relevant because it does not tend to make any material fact more or less probable.  Fed. R. Evid. 401.  Accordingly, defendants' motion in limine is GRANTED.  See Niver v. Travelers Indem. Co. of Ill., 433 F. Supp. 2d 968, 998-99 (N.D. Iowa 2006).

## IV.  CONCLUSION

For the foregoing reasons, defendants' motion in limine, (D.E. 79), is DENIED in part and GRANTED in part consistent with this opinion.

ORDERED this 12th day of October 2010.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE